FILED

97 SEP 30 AM 9:50

U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| INDEPENDENT LIFE AND ACCIDENT INSURANCE COMPANY, | } | |
| Plaintiff, | } | CASE NO. CV 97-B-0189-J |
| v. | } | |
| THE BANK OF VERNON and MALTA INSURANCE AGENCY, INC., | } | |
| Defendants. | | |

ENTERED
SEP 30 1997

## MEMORANDUM OPINION

Currently before the court are the Motions to Dismiss filed by defendants The Bank of Vernon ("Bank") and Malta Insurance Agency, Inc. ("Malta"). Defendants argue primarily that this action should be dismissed because the court should abstain from exercising jurisdiction over this action and because the action is not ripe. Plaintiff counters that the abstention doctrine does not apply to this action for damages and that the controversy is ripe. Upon consideration of the record, the submissions of the parties, the argument of counsel and the relevant law, the court is of the opinion that the motions to dismiss are due to be granted.

## FACTUAL SUMMARY

The present action arises from a series of agency relationships. Plaintiff entered into a General Agent Agreement with Malta in which Malta was authorized to "procure, solicit and transmit application for Credit Life and Accident and Health (Disability) Insurance" in Alabama. (Compl. ¶ 6). Malta then entered into an "Agent Contract" with the Bank that authorized the Bank to "solicit from lending agencies and firms and other businesses to insure their debtors under the terms and

11

provisions of the Master Policies of Insurance" in Alabama. (Compl. ¶ 10). Subsequently, plaintiff issued to the Bank a "'Group Creditor Life Insurance Policy' Master Policy," which had been solicited by Malta on behalf of the Bank. (Compl. ¶¶ 11-12). In conjunction with the issuance of this Master Policy, the Bank was given a set of "Underwriting Guidelines" for use with the Master Policy.

The Underwriting Guidelines stated that all life insurance coverage over $50,000 required an application and that if all health questions were answered in the negative, the policy could be issued. (Compl. ¶ 14). The Bank issued an "Independent Life Group Credit Life and Credit Disability Insurance Certificate" with $72,631.80 of coverage to Fred A. Sandlin, to whom the Bank had also lent $61,604.75. (Compl. ¶¶ 15-16, 18). The Bank, however, did not require Mr. Sandlin to complete an application for insurance prior to issuing him the insurance certificate. (Compl. ¶ 19). Several months later, when Malta discovered that the Bank had not submitted an application for insurance for Mr. Sandlin, Mr. Sandlin was asked to complete an application. (Compl. ¶¶ 21-22). Mr. Sandlin completed an application, answering all four health questions in the affirmative. (Compl. ¶ 24). Based on that application, plaintiff denied Mr. Sandlin's "Application for Group Credit Life and Disability Insurance." (Compl. ¶ 25). In March 1995, approximately two years after Mr. Sandlin was informed that his application had been denied, Mr. Sandlin sued plaintiff and the Bank, asserting claims for estoppel, breach of contract, fraudulent misrepresentation and fraudulent suppression. (Compl. ¶¶ 27-29). That lawsuit ("the underlying suit") has not yet been resolved although summary judgment was granted in favor of the Bank in the underlying suit. (Compl. ¶ 33).

In the present action, plaintiff has asserted five counts against defendants: (1) Negligence, (2) Breach of Fiduciary Duty, (3) Breach of Contract, (4) Indemnity, and (5) that it is a Third Party Beneficiary to the agency contract between Malta and the Bank. Plaintiff seeks essentially the same relief as to each count:

> As a proximate result of Defendants' negligence [breach of fiduciary duty, breach of contract, etc.], Plaintiff has been damaged and demands judgment for compensatory damages against Defendants in an amount to be assessed by the trier of fact. Said damages are to include all attorneys' fees, costs and expenses incurred by Independent Life in defending itself and any payment of any verdict, judgment and/or settlement against and/or by Independent Life in [the underlying suit] plus all attorneys' fees and expenses incurred by Plaintiff in prosecuting this action, plus such other relief as may be just and proper.
>
> Pursuant to this Court's authority under the Declaratory Judgment Act, 28 U.S.C. § 2201 (1994), Plaintiff asks the Court to declare that Defendants shall be liable to Plaintiff for the full monetary value of any and all settlement, verdict and/or judgment that may be entered against Plaintiff in [the underlying suit] and that Defendants shall also be liable for all incurred and past and future attorneys' fees, expenses and costs incurred by Plaintiff in defending [the underlying suit] and any and all attorneys' fees, expenses and costs incurred by Plaintiff in prosecuting this action.

(Compl. ¶¶ 38-39; *see* Compl. ¶¶ 44-45, 48-49, 54-55, 58-59). Plaintiff also seeks punitive damages from defendants as to its breach of fiduciary duty claim. (Compl. ¶ 44).

## DISCUSSION

Defendants argue that the court should abstain from hearing the present action, that counts III and IV of the complaint fail to state a claim against the Bank, that plaintiff's claims against the Bank violate Alabama's prohibition against contribution and indemnity between alleged joint tort-feasors, and that the present action is not ripe because liability in the underlying action has not been resolved.

Defendants first argue that the court should abstain from hearing the present action. This argument is without merit. The Supreme Court has held that federal courts have the power to

dismiss or remand cases on the basis of abstention "only where the relief is equitable or otherwise discretionary." *Quackenbush v. Allstate Ins. Co.*, 116 S. Ct. 1712, 1728 (1996). The present action is not only for a declaratory judgment; plaintiff seeks both compensatory and punitive damages, as well. Thus, some of the relief sought is equitable in nature and discretionary, but a significant portion of the relief sought is in the form of claims for damages, which are not discretionary. Therefore, the court is of the opinion that abstention from hearing the present action is not justified.[1]

The Bank next argues that counts III and IV fail to state a claim on which relief can be granted against the bank. On a Rule 12(b)(6) motion to dismiss, the defendants must show that it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (citations omitted); *accord Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Plaintiff argues that the Bank is obligated to indemnify Malta and that the Bank, therefore, is liable on plaintiff's breach of contract and indemnity claims. Resolving all doubts in favor of plaintiff, the Bank has not met its burden of showing that plaintiff **cannot** recover from the Bank on those claims.

Defendants also contend that plaintiff's claims violate Alabama's prohibition against contribution and indemnity between alleged joint tort-feasors. The Alabama Supreme Court has held, however, that "when one joint tort-feasor has agreed in writing to indemnify the other joint tort-feasor, even for claims based on the other's own negligence, the agreement, if otherwise valid, can be upheld and enforced." *Humana Medical Corp. v. Bagby Elevator Co.*, 653 So. 2d 972, 974 (Ala.

---

[1] Part of defendants' abstention argument also appears to be that plaintiff should have asserted the present claims as cross-claims in the underlying action. As plaintiff points out, however, cross claims are discretionary under Rule 13 of both the Alabama and Federal Rules of Civil Procedure. *See Dunn v. Sears, Roebuck & Co.*, 645 F.2d 511, 512-13 n.1 (5th Cir. 1981); Fed. R. Civ. P. 13(g); Ala. R. Civ. P. 13(g).

1995). Plaintiff has asserted that the Bank is obligated to indemnify Malta and that Malta is bound to indemnify plaintiff. Thus, it is again not clear that plaintiff has not stated a claim upon which relief may be granted under these circumstances.

Finally, defendants argue the plaintiff's indemnification claims are premature and should be dismissed on this basis. It is true that plaintiffs indemnification[2/] claims are not yet ripe for adjudication. Defendants may or may not be liable to plaintiff for the expenses and costs of defending the underlying suit, but until the underlying action has been resolved, defendants cannot be liable to plaintiff for any verdict or settlement of the underlying litigation. *See Armstrong v. Alabama Power Co.*, 667 F.2d 1385, 1388-1389 (11th Cir. 1982) (holding that district court properly dismissed contribution and indemnity suits as premature where liability had not yet been determined in the underlying actions). If plaintiff is eventually held liable in Mr. Sandlin's underlying suit, then plaintiff could at least state a claim for indemnification, but the underlying action has not yet been resolved.

Nevertheless, the fact that the indemnification claims are not yet ripe for adjudication does not necessarily mean that this action is due to be dismissed. Plaintiff has stated a cause of action for the costs, expenses and fees thus far incurred and for punitive damages,[3/] Plaintiff has not, however, shown that the amount in controversy requirement for jurisdiction has been satisfied. *See* 28

---

[2/] Although plaintiff has stated five claims, only one of which is "Indemnification," the essence of each count is that defendants owed a duty of some sort (due care, fiduciary or under contract) and breached that duty and caused plaintiff damages. The lion's share of those damages, if found, will be a result of plaintiff's having to satisfy a judgment or settlement in the underlying action. Thus, plaintiff's claims all seek indemnification for any liability that plaintiff may incur in the underlying action.

[3/] Defendants did not specifically make this argument is their motions to dismiss, but the issue was raised at oral argument on the Bank's motion.

U.S.C.A. § 1332 (West Supp. 1997). Here, the amount in controversy can only be met if plaintiff loses in the pending state court action. At the present time, the primary injury alleged by plaintiff is its hypothetical liability in the underlying suit. If plaintiff prevails in the underlying suit, it cannot seriously be argued that its damages would exceed $75,000. Because the primary damages alleged by plaintiff cannot yet be proven, never having been incurred, and since they may never be incurred, the court concludes that this matter is not ripe for adjudication at this time. Further, as stated in *Armstrong v. Alabama Power Co.*, 667 F.2d 1385, 1388 (11th Cir. 1982), "[t]he fact that [plaintiff has] already incurred some expenses in defending [the underlying action] does not make ripe [the] claims for indemnification against all potential liability and expenses." (quoting *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 932 (4th Cir. 1977)).

Conclusion

Having determined that this lawsuit is premature and that the court lacks subject matter jurisdiction on the basis of diversity, the court concludes that the Motions to Dismiss filed by defendants are due to be granted. An Order in accordance with this Memorandum Opinion shall be entered contemporaneously herewith.

**DONE** this 30th day of September, 1997.

Sharon Lovelace Blackburn

SHARON LOVELACE BLACKBURN
United States District Judge